UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                    CRIMINAL NO. 04 10293 JLT

ANTHONY P. RAYMOND

DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS

TABLE OF CONTENTS

Instruction No.

| | | |
|---|---|---|
| 1 | Aid and Abet |
| 2 | Joint Venture |
| 3 | Mere Presence and Association |
| 4 | Withdrawal From Joint Venture |
| 5 | Firearms – Crime of Violence |

1.      AID AND ABET

To "aid and abet" means intentionally to help someone else commit a crime.  To establish aiding and

abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the

charged crime and (2) [defendant] [willfully] associated himself in some way with the crime and [willfully]

participated in it as he would in something he wished to bring about. This means that the government must

prove that Anthony Raymond consciously shared the other person's knowledge of the underlying criminal

act and intended to help him.  Anthony Raymond need not perform the underlying criminal act, be present

when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a

general suspicion that an unlawful act may occur or that something criminal is happening is not enough.

Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient

to establish aiding and abetting.

[An act is done "willfully" if done voluntarily and intentionally with the intent that

something the law forbids be done-that is to say with bad purpose, either to disobey or disregard the law.]

First Circuit Pattern Jury Instructions, West, 1998, §4.02.

2.      **JOINT VENTURE**

(A)     An offense may be committed by more than one person. When two or more people enter
        into a joint venture of a conspiratorial nature, the actions and utterances of either done in
        furtherance of that conspiracy are deemed authorized by the other.

(B)     A defendant's guilt may be established without proof that the defendant personally
        performed every act constituting the crime charged.

(C)     In order to find that the defendant Anthony Raymond was a joint venturer, the
        Government must prove beyond a reasonable doubt that the defendant Anthony Raymond
        knowingly and intentionally agreed with one or more of the co-defendants to accomplish
        an unlawful purpose as alleged in the counts of the indictment.

(D)     Therefore, if you do not find beyond a reasonable doubt that the defendant Raymond was
        a joint venturer and was a member of the joint venture when the offense was committed
        and that the offense was committed in furtherance of and as a foreseeable consequence of
        the joint venture then you must find the defendant Raymond NOT GUILTY of all counts.

See Pinkerton v. United States, 328 U.S. 640, 647-48 (1946); United States v. Spinney, 65 F.3d
231, 239 (1st Cir. 1995); (For liability to attach, the government must prove that [defendant] knew
to a "practical certainty" that the principal would be using a weapon during the commission of the
armed bank robbery.)  See also United States v. Lyles, 593 F.2d 182, 194 (2d Cir.)

**3.     MERE PRESENCE AND  ASSOCIATION**

(A)     A defendant's presence at the scene of a crime and knowledge that a crime is being committed is

not alone sufficient to establish the defendant's guilt  A defendant's association with conspirators

or persons involved in a criminal joint venture is not by itself sufficient to prove his  participation

or membership in a criminal joint venture.

(B)     If a defendant performed acts that advanced a criminal activity but had no

knowledge that a crime was being committed or was about to be committed,

those acts alone are not sufficient to establish the defendant's guilt.

See   United States v. Valenzuela, 596 F.2d824, 830-31 (9th Cir.), *cert. denied*, 441 U.S. 965
(1979), United States v. Garguilo, 310 F.2d249, 253 (2d Cir. 1962), United States v. Jones, 950
F.2d 1309, 1313 (7th Cir. 1991)

**4.     WITHDRAWAL FROM JOINT VENTURE**

(A)     Any member of a joint venture may withdraw from and cease to be a party to the joint

venture, but his liability for the acts of his co-defendants continues until he effectively

withdraws from the joint venture.

(B)     In order to effectively withdraw from a joint venture, there must be an affirmative and

bona fide rejection or repudiation of the joint venture which must be communicated to the

other conspirators of whom he has knowledge.

(C)     If a member of a joint venture has effectively withdrawn from the joint venture he is not

thereafter liable for any act of the co-defendants committed subsequent to his withdrawal

from the joint venture.

(D)     Since the defendant has no duty to present any evidence, it is the burden of the

Government to prove beyond a reasonable doubt that the defendant did not withdraw and

abandon his commission of the crime charged. If you find that the Government has failed

to sustain that burden, the defendant must be found not guilty.

(E)     Therefore, in this case if you find that the Government has failed to prove beyond a

reasonable doubt that defendant Anthony Raymond, did not abandon and withdraw from

the criminal venture by not driving the "switch vehicle" to the designated spot as testified

to then you must find the defendant NOT GUILTY.

See   United States v. United States Gypsum Co.,438 U.S. 422, 463-465 (1978); Hyde v. United
States, 225 U.S. 347, 369 (1912); United States v. Borelli, 336 F.2d 376, 385 (CA2 1964). Note,
Developments in the Law - Criminal Conspiracy, 72 Harv. L. Rev. 920, 958 (1959).   See also
United States v.Juodakis, 834 F.2d 1099, 1102 (1st Cir. 1987);  United States v.Troutman, 814

F.2d 1428, 1447-1448 (10th Cir. 1987);  United States v.Walker, 796 F.2d 43, 49 (4th Cir. 1986);
United States v. Andrus, 775F.2d 825, 850 (7th Cir. 1985).

**5.**    **FIREARMS - CRIME OF VIOLENCE**

The crime of using  a firearm  during and in relation to a crime of violence, as charged in Count
One of the indictment has three essential elements, which are:

**One**,    The Government has proven beyond a reasonable doubt that the defendant
Anthony P. Raymond, committed the crime of Armed Bank Robbery in violation of 18
U.S.C. Sec. 2113 (d).

**Two**,    The Government has proven beyond a reasonable doubt that the defendant
Anthony P. Raymond, knew to a "practical certainty" that the co-defendant would be
using a weapon during the commission of the armed bank robbery.  (See United States v.
Spinney, 65 F.3d 231, 239 (1st Cir. 1995) during and in relation to the commission of that
crime; and

**Three**, The Government has proven beyond a reasonable doubt that the defendant
Anthony P. Raymond, knew that the firearm was a semi-automatic assault weapon.[1]

See  United States v. Bandy, 239 F.3d 802, 807 (6th Cir. Jan.30, 2001) (holding that type of
weapon used during a § 924(c) offense is an element of the offense to be proved beyond a
reasonable doubt). See also Staples v. United States, 511 U.S. 600, 114 S. Ct. 1793
(1994); McMillian v. Pennsylvania, 477 U.S. 79, 88 (1986) (implied disapproval of a
sentencing factor "tailored" by the legislature to be "a tail which wags the dog of the substantive
offense"); United States v. X-Citement Video, Inc., 513 U.S. 64, 115 S. Ct. 464, 465 (1994)
requires a *mens rea* finding as to the characteristics of the firearm

---

[1]In, United States v. Shea, 159 F.3d 37 (1 st Cir.1998) The court ruled that since the assault weapon
provision was not an element of the Sec. 924(c)(1) offense, but instead, a sentencing enhancement and
therefore actual knowledge of the specific characteristics of the firearm resulting in enhancement of the
punishment is not required to be proven beyond a reasonable doubt.   However subsequent to Shea, Sec,
924(c) was radically changed by congress and the present statutory provision 18 U.S.C. sec. 924
(c)(1)(A)(ii) was added.  The current section makes proof of the weapon as an  "assault weapon" an
element of the offense and requires that the Government prove beyond a reasonable doubt that the
defendant knew the specific characteristic of the firearm.

---

[1] In, United States v. Shea, 159 F.3d 37 (1 st Cir.1998) The court ruled that since the assault
weapon provision was not an element of the Sec. 924(c)(1) offense, but instead, a sentencing
enhancement and therefore actual knowledge of the specific characteristics of the firearm
resulting in enhancement of the punishment is not required to be proven beyond a reasonable
doubt.   However subsequent to Shea, Sec, 924(c) was radically changed by congress and the
present statutory provision 18 U.S.C. sec. 924 (c)(1)(A)(ii) was added.  The current section
makes proof of the weapon as an  "assault weapon" an element of the offense and requires that
the Government prove beyond a reasonable doubt that the defendant knew the specific
characteristic of the firearm.

_/s/Roger Witkin___
ROGER WITKIN
6 Beacon Street, Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

DATED:   September 14, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

**V.**                           **CRIMINAL NO.** 04 10293 JLT

ANTHONY P. RAYMOND


CERTIFICATE OF SERVICE


I hereby certify that on this day a true copy of the within document was served upon the attorney of record for the United States, AUSA Paul Moore, and a courtesy copy to the Clerk of Court by mail and electronic filing, which was e-filed this day.


                                        */s/ Roger Witkin*
                                         Roger Witkin
                                         6 Beacon Street, Suite l0l0
                                         Boston, MA 02l08
                                         Tel. 6l7 523 0027
                                         Fax 6l7 523 2024
                                         BBO No. 53l780

DATE:  September 14, 2005